AKEY, Appellant, *v.* GREAT WESTERN BUILDING & LOAN ASSOCIATION et al., Respondents.

(No. 8,043.)

(Submitted May 27, 1940.  Decided June 28, 1940.)

[104 Pac. (2d) 10.]

*Mr. R. D. Frederick,* for Appellant, submitted a brief.

*Mr. S. C. Ford,* for Respondents Building & Loan Association and W. A. Brown, Receiver, and *Mr. William H. Clarke,* of Counsel, submitted a brief; *Mr. Clarke* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff brought this action to quiet title to certain real property in Flathead county. The district court found for the defendants Great Western Building and Loan Association and Brown, receiver. Plaintiff has appealed from the judgment.

The plaintiff's evidence is to the effect that her husband, J. L. Akey, purchased the land in question from Father Joseph J. Carroll in the fall of 1921 for approximately $280, which was paid by him by the assumption of a debt owing by Father Carroll to the McCarthy Motor Company, in which Akey was interested as manager. There was no written evidence of the transaction other than a receipt given by Father Carroll to plaintiff's husband. The receipt was not introduced in evidence, but there was testimony to the effect that it had been lost. No deed was

ever given by Father Carroll to Akey, but there is testimony that he frequently promised to do so, and gave as his reason for not doing so that the plat had not been recorded.

The evidence discloses that in April, 1922, the Akeys went into possession of the property and erected a summer cabin thereon, which they continued to use and occupy from that time on until 1934—a period of twelve years. They occupied the property only during the summer months of May, June, July and August, when the children were not in school. The property was located on the shore of Whitefish Lake and was used as a summer home by the Akeys during the summer school vacation.

In 1926 Father Carroll for a valuable consideration gave a mortgage to the defendant Great Western Building and Loan Association on this and other property. On April 13, 1930, he died. Action was brought to foreclose the mortgage on May 26, 1930. The Akeys were not made parties to the foreclosure action, but plaintiff testified that she had actual notice of the proceedings. The decree of foreclosure was entered on July 25, 1930, and the foreclosure sale was held on August 22, 1930, the defendant association bidding in the property. Mr. Akey died on July 2, 1936. This action was commenced on May 26, 1938.

The defendant Great Western Building and Loan Association paid taxes on the property each year since 1929. Neither plaintiff nor her husband paid any taxes to the county treasurer on the property, but there is testimony to the effect that Mr. Akey paid the amount of the taxes to Father Carroll for the years 1924 and 1925. The public records do not disclose that the Akeys have, or ever had, any interest in the property.

The trial court found that plaintiff and her husband were guilty of laches, and that the legal and equitable title to the property is in the defendant Great Western Buiding and Loan Association.

It is the plaintiff's contention that the defendant association is not a purchaser or encumbrancer in good faith and without notice, for the reason that possession on the part of the Akeys at the time of the execution of the mortgage placed the associa-

tion upon notice of whatever rights the Akeys had in the property. They rely upon a statement made in the case of *Baum* v. *Northern Pac. Ry. Co.*, 55 Mont. 219, 175 Pac. 872. In the view we take on the question of laches, it is unnecessary to consider this point.

It is our view that the court was warranted in finding, as it did, that plaintiff and her husband were guilty of laches. Mr. Akey was living at the time Father Carroll's estate was probated, and if he had any interest in the property some steps should have been taken by him during the course of the probate of that estate to assert his interest. Again, the foreclosure proceedings had been instituted some six years before Mr. Akey's death, and if plaintiff's present claim were meritorious, he would or should have asserted it in the foreclosure action. It was not, of course, incumbent upon the plaintiff in the foreclosure action to join the Akeys as defendants (sec. 9467, Rev. Codes), but, knowing of those proceedings, they owed a duty to come forward with their claim, if any they had, long before this action was instituted—and particularly so since the defendant had been paying the taxes for so many years under the supposition that its mortgage was good.

What was said by this court in the case of *Kavanaugh* v. *Flavin*, 35 Mont. 133, 88 Pac. 764, 766, has application here. It was there said: "Speaking upon the subject of laches, the Supreme Court of the United States, in *Hammond* v. *Hopkins,* 143 U. S. 224, 12 Sup. Ct. 418, 36 L. Ed. 134, said: 'No rule of law is better settled than that a court of equity will not aid a party whose application is destitute of conscience, good faith, and reasonable diligence, but will discourage stale demands, for the peace of society, by refusing to interfere where there have been gross laches in prosecuting rights, or where long acquiescence in the assertion of adverse rights has occurred. The rule is peculiarly applicable where the difficulty of doing entire justice arises through the death of the principal participants in the transactions complained of, or of the witness or witnesses, or by reason of the original transactions having become so obscured by time as to render the ascertainment of the exact facts

impossible. Each case must necessarily be governed by its own circumstances, since, though the lapse of a few years may be sufficient to defeat the action in one case, a longer period may be held requisite in another, dependent upon the situation of the parties, the extent of their knowledge or means of information, great changes in values, the want of probable grounds for the imputation of intentional fraud, the destruction of specific testimony, the absence of any reasonable impediment or hindrance to the assertion of the alleged rights, and the like.' '' Of the same general tenor is the case of *Hynes* v. *Silver Prince Min. Co.*, 86 Mont. 10, 281 Pac. 548.

The court was correct in finding for the defendants. The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.