No.   92-458

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

ACTION ENTERPRISES, INC.,
by and through shareholders
DUANE B. LINDEMAN and MILDRED E.
LINDEMAN, shareholders,

       Plaintiffs and Appellants,

   v.

CHARLES E. McCALLA, shareholder,

       Defendant and Respondent.


APPEAL FROM:   District Court of the Sixth Judicial District,
               In and for the County of Park,
               The Honorable Byron L. Robb, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

           Karl Knuchel, Attorney at Law,
           Livingston, Montana

       For Respondent:

           Charles R. Cashmore, Crowley, Haughey, Hanson,
           Toole & Dietrich, Billings, Montana


Submitted on Briefs:   January 21, 1993

Decided:   June 23, 1993

FILED
Filed:
JUN 23 1993.
Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

This is an appeal from a decision of the District Court of the Sixth Judicial District in Park County, Montana, which held that plaintiffs' cause of action is barred by the three-year statute of limitations set forth in § 27-2-202(3), MCA, and granted summary judgment in favor of defendant. We affirm.

The sole issue on appeal is whether the District Court erred when it held that plaintiffs' cause of action was barred by the statute of limitations?

Plaintiffs Duane Lindeman and Mildred Lindeman (the Lindemans) owned 50 percent of Action Enterprises, Inc. (the Corporation). Charles McCalla (McCalla) and his wife, Ann McCalla, owned the remaining 50 percent of the Corporation.

During the course of the Corporation's operation, it borrowed money from the First National Park Bank to build a single-family home. In 1981, McCalla contributed a loan of $44,263.44 to the Corporation to pay off the bank mortgage on the single-family home. On September 10, 1986, the Corporation sold the same home for $45,000 and the money was deposited into the Corporation account.

On September 15, 1986, McCalla issued a check to himself drawn on the Corporation account in the amount of $44,263.44. McCalla asserted that this withdrawal was to repay himself for the money that he loaned to the Corporation to pay off the bank mortgage. On September 21, 1990, the Corporation, by and through its shareholders, the Lindemans, filed a lawsuit against McCalla,

2

demanding the return of funds which the Lindemans alleged McCalla withdrew without corporate authority.

McCalla filed a motion for summary judgment, asserting that the Lindemans' action was barred by the statute of limitations. The Lindemans also filed a motion for summary judgment. On July 13, 1992, the District Court granted summary judgment in favor of McCalla.

In its order granting summary judgment, the District Court explained that because the check written by McCalla constituted "a purported obligation or liability not founded upon an instrument in writing," the three-year statute of limitations found in § 27-2-202(3), MCA, was applicable. The court determined that although the Lindemans were aware of the $44,263.44 withdrawal for approximately four years, they failed to commence their lawsuit within the three-year time period prescribed by § 27-2-202(3), MCA. Accordingly, the court concluded that the Lindemans' action was barred by the statute of limitations and granted summary judgment in favor of McCalla.

On appeal, the Lindemans assert that the District Court erred when it applied the three-year statute of limitations found in § 27-2-202(3), MCA, to their claim against McCalla. The Lindemans contend that the check for $44,263.44 written by McCalla constitutes a "writing," and therefore, the appropriate statute of limitations is the eight-year period found in § 27-2-202(1), MCA. The Lindemans maintain that because they filed their cause of action within eight years after the "writing" was made, their

3

lawsuit is not barred by the statute of limitations, and they should be allowed to try their case on its merits.

Alternatively, the Lindemans assert that if the check is not a "writing" which constitutes a contract for purposes of the eight-year statute of limitations, then at a minimum, the five-year statute of limitations set forth in § 27-2-202(2), MCA, should apply. For purposes of asserting the applicability of § 27-2-202(2), MCA, the Lindemans contend that the check created an "account" which is not founded upon an instrument in writing; and that the account is recoverable as an unauthorized loan from the Corporation to McCalla.

McCalla also challenges the statute of limitations applied by the District Court. He agrees with the District Court that the Lindemans' action was barred by the statute of limitations; however, he asserts that the lower court's application of the three-year statute of limitations was in error. McCalla contends that because this case involved simple conversion, the case should be governed by the two-year statute of limitations found at § 27-2-207(2), MCA. We agree with McCalla.

When deciding which statute of limitations applies, the court will look to the substance of the complaint. *Weible v. Ronan State Bank* (1989), 238 Mont. 235, 237, 776 P.2d 837, 838. "If the gravamen of the action rests strictly on tort theories, the statute of limitations pertaining to torts will apply." *Weible*, 776 P.2d at 838.

4

We conclude that when the District Court determined that the Lindemans' action involved "a purported obligation or liability not founded upon an instrument in writing," the lower court was in error. The Lindemans' complaint sets forth the Lindemans' theory for their cause of action. The basis of the Lindemans' suit did not concern an "obligation or liability" incurred by McCalla, but rather an alleged unauthorized withdrawal by McCalla of Corporation funds. The facts in this case are analogous to those reported in *Northwest Plating Company v. Hoffman* (1988), 234 Mont. 360, 763 P.2d 44. In that case, a corporation filed a lawsuit against a shareholder for recovery of the latter's unauthorized expenditure of corporate funds. In *Northwest Plating,* this Court held that unauthorized corporate expenditures incurred by an employee for personal expenses constituted the tort of conversion. 763 P.2d at 46. In the present case, the Corporation, by and through its shareholders, the Lindemans, seeks to recover against McCalla for his alleged unauthorized taking of corporate funds for his own benefit. Like the suit in *Northwest Plating,* the Lindemans' cause of action involves an allegation of conversion.

Section 27-2-207(2), MCA, sets forth the statute of limitations for conversion. Section 27-2-207(2), MCA, requires that an action for "taking, detaining, or injuring any goods or chattels, including actions for the specific recovery of personal property," must be commenced within two years.

5

The injury in question in this case occurred on September 15, 1986, the date McCalla withdrew funds from the Corporation account. The complaint was filed on September 21, 1990--over four years later. The Lindemans' 1990 claim to recover converted funds is barred by the two-year statute of limitations.

We affirm the District Court's determination that the Lindemans' action was barred by the statute of limitations; however, we hold that the two-year statute of limitations for conversion found in § 27-2-207(2), MCA, is the appropriate statute to apply to the facts of this case.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6

June 23, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Karl Knuchel
Attorney at Law
P.O. Box 953
Livingston, MT  59047

Charles R. Cashmore
Crowley, Haughey, Hanson, Toole & Dietrich
P.O. Box 2529
Billings, MT  59103-2529

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _M. Tudor_
    Deputy