No. 92-485

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

CHRISTIAN HANS MOLINE,

       Plaintiff and Appellant,

  v.

A. E. ANDERSON,

       Defendant and Respondent.

FILED

AUG 17 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twelfth Judicial District,
In and for the County of Chouteau,
The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          LaRue Smith, Attorney at Law,
Great Falls, Montana

      For Respondent:

          Gorham E. Swanberg, Swanberg, Koby & Swanberg,
Great Falls, Montana

Submitted on Briefs:  March 11, 1993

Decided:  August 17, 1993

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiff appeals from a decision of the District Court of the Twelfth Judicial District in Chouteau County, Montana, which granted defendant A. E. Anderson's motion to dismiss the action against him. The court concluded that the complaint failed to state a claim against Anderson. Moreover, the court determined that plaintiff's malpractice claim against Anderson was barred by the three-year statute of limitations set forth in § 27-2-206, MCA. We affirm.

The dispositive issue on appeal is whether plaintiff's claims against Anderson were barred by the statute of limitations?

Chris Moline died on July 1, 1981, and was survived by his wife Bonnie, and his two sons, Christian and Michael Moline. In his Last Will and Testament, decedent substantially disinherited his wife and left his residuary estate to his two sons to divide equally. Christian, the plaintiff in this case, was 12 years old when his father died.

Prior to decedent's death, Chris and Bonnie Moline were involved in proceedings to dissolve their marriage. The dissolution action was never completed. Attorney Anderson represented Bonnie in the dissolution proceedings.

On July 15, 1981, decedent's will was admitted to probate and William A. Meeks, Jr., was appointed personal representative. On July 20, 1981, Anderson filed a creditor's claim against decedent's estate in the amount of $2,371.15 for costs and fees incurred in the representation of Bonnie in the dissolution of her marriage to

2

Chris Moline. On August 28, 1981, Anderson was paid $2,371.15 in attorney fees from decedent's estate.

Subsequently, Anderson represented Bonnie in estate, probate and guardianship matters. Pursuant to petitions filed by Anderson for Bonnie, the court ordered the personal representative of decedent's estate to distribute one-third of the augmented estate to Bonnie, and the court appointed Bonnie as plaintiff's guardian.

On March 14, 1983, Anderson petitioned the court, on Bonnie's behalf, to order the personal representative, Meeks, to appear and show cause for failures to account and perform the statutory duties of estate administration. The District Court granted the petition to show cause and set a hearing for April 13, 1983. On April 8, 1983, Anderson was informed by the attorney representing Meeks that the account was complete. The show cause hearing was never held. On September 12, 1983, Meeks filed a final account of the estate.

On October 31, 1991, at the age of 23, plaintiff filed a complaint in the Twelfth Judicial District Court and named his mother and Anderson as defendants. Plaintiff asserted two claims against defendant Anderson. Those claims are the subject of this appeal.

First, plaintiff alleged that Anderson's legal representation did not comport with the standard of care required by the legal profession. Plaintiff asserted that because Anderson was the attorney for his guardian, Bonnie, Anderson was also the attorney for plaintiff because he was a minor. Plaintiff asserted that Anderson had a duty to provide for plaintiff's best interest; and

3

when Anderson failed or refused in 1983 to pursue the order demanding Meeks to show cause for his maladministration of decedent's estate, Anderson "wrongfully abandoned" plaintiff's rights, causing him loss and damages.

In his second claim, plaintiff alleged that Anderson was illegally paid $2,317.15 in fees from decedent's estate. He demanded that Anderson account for the funds that he wrongfully took from the estate and that he return the funds to plaintiff.

On December 4, 1991, Anderson filed a Rule 12(b)(6) motion to dismiss plaintiff's claims against him. A hearing was held, and on July 29, 1992, the court granted Anderson's motion to dismiss.

In its order, the court determined that the "wrongful abandonment" claim against Anderson was a malpractice claim. The court explained that plaintiff's malpractice action against Anderson could not succeed because it is the client's responsibility (Bonnie's responsibility), not the attorney's, to pursue a maladministration action against a personal representative. Moreover, the court concluded that the legal malpractice claim was barred by the three-year statute of limitations set forth in § 27-2-206, MCA.

The court dismissed plaintiff's second claim that Anderson illegally took funds by explaining that a claim for accountability of funds paid through a guardianship should be made against the guardian and not against the attorney representing the guardian.

Plaintiff appealed the final judgment to the extent that it

4

dismissed his claims against Anderson. Accordingly, Bonnie was not made a party to this appeal.

On appeal, plaintiff asserts that the District Court erred when it characterized his "wrongful abandonment" claim against Anderson as a malpractice claim, and then concluded that the claim was barred by the statute of limitations. Further, plaintiff contends that the court erred when it determined that the dispute over the $2,317.15 was a guardianship matter. Plaintiff asserts that his complaint stated a claim against Anderson for the illegal taking of funds which belonged to plaintiff.

Although the District Court dismissed the action against Anderson by addressing the merits of the statements made in the complaint under a Rule 12(b)(6) motion, the dispositive issue on appeal is whether the plaintiff's claims were barred by the statutes of limitations.

When determining whether a claim is barred by the statute of limitations, the court must first look to the substance of the complaint to determine which statute of limitations applies. *Weible v. Ronan State Bank* (1989), 238 Mont. 235, 776 P.2d 837. A review of plaintiff's complaint in this case reveals that plaintiff made two claims against Anderson; specifically, he alleged a legal malpractice claim and an allegation that Anderson wrongfully converted funds.

5

Section 27-2-206, MCA, sets forth the statute of limitations for legal malpractice actions. Section 27-2-206, MCA requires that a lawsuit for legal malpractice:

> [M]ust be commenced within 3 years after the plaintiff discovers or [when the plaintiff] through the use of reasonable diligence should have discovered the act, error, or omission, whichever occurs last, but in no case may the action be commenced after 10 years from the date of the act, error, or omission.

Because plaintiff was a minor in 1983, the time when he alleges Anderson negligently represented him by wrongfully abandoning the show cause order, § 27-2-401, MCA, applies. According to § 27-2-401, MCA, when a minor is entitled to bring a cause of action, the statute of limitations for the action is tolled until the minor reaches the age of majority. Upon reaching majority, the individual has the full statutory period to commence the suit. In this case, the statutory period allowed for the malpractice claim was three years because there is no evidence in the record which indicates that the "reasonable diligence" exception applies to plaintiff.

Plaintiff turned eighteen in 1985. He commenced his lawsuit against Anderson in 1991, approximately six years after he reached majority. Accordingly, we affirm the District Court's determination that plaintiff's legal malpractice claim is barred by the three-year statute of limitations.

Section 27-2-207(2), MCA, sets forth the statute of limitations for the illegal taking of funds or conversion. *Action Enterprises, Inc. v. McCalla* (Mont. 1993), 50 St. Rep. 743. Section

6

27-2-207(2), MCA, requires that an action for "taking, detaining, or injuring any goods or chattels, including actions for the specific recovery of personal property," must be commenced within two years.

Plaintiff asserts that Anderson converted funds in 1981. Section 27-2-401, MCA, tolled the statute of limitations for conversion until plaintiff reached the age of majority. As explained above, plaintiff turned eighteen in 1985. He filed his complaint in 1991--approximately six years after he reached the age of majority. We hold that plaintiff's claim to recover funds that he alleges Anderson took from decedent's estate is barred by the two-year statute of limitations.

The decision of the District Court to dismiss the action against Anderson is affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

7

_John Conway Harrison_

_William E. Hunt_

_[signature]_

Justices

August 17, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

La Rue Smith
Attorney at Law
606-5th Ave. No.
Great Falls, MT 59401

Gorham E. Swanberg
Swanberg, Koby & Swanberg
P.O. Box 2567
Great Falls, MT 59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy