45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ronald Lynn STANHOPE, and the Bankruptcy Estate of Ronald
Stanhope, by and through its Trustee Tom Lynaugh,
Plaintiff-Appellant,
v.
STAR ENERGY PARTNERSHIP, a limited partnership, and
Struthers Oil & Gas, Defendants-Appellees.
 No. 92-37003.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1994.
Decided Dec. 23, 1994.
 
 Before: SCHROEDER, BOOCHEVER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff/appellants Ronald Stanhope and his bankruptcy estate (collectively, Stanhope), appeal from the denial of a motion to reconsider a Rule 12(c) judgment on the pleadings for defendants/appellees Star Energy Partnership and Struthers Oil & Gas Corporation (collectively, Star). The judgment held that the two-year Montana property injury statute of limitations barred Stanhope's complaint. Because we find that Stanhope is entitled to the benefit of the eight-year Montana contract statute of limitations for each of his claims, we reverse.
 
 
 3
 We review the judgment on the pleadings de novo. Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 670 (9th Cir.1993). Stanhope was entitled to reconsidered judgment if the applicable statute of limitation did not bar his complaint. In Montana, the statute of limitations for actions alleging injury to property is two years. Mont.Code Ann. Sec. 27-2-207. The statute of limitations for torts is three years. Mont.Code Ann. Sec. 27-2-204. The statute of limitations for contract actions is eight years. Mont.Code Ann. Sec. 27-2-202. Stanhope had eight years to sue on his claims if the gravamen of each claim sounds in contract, not tort or property. See Weibel v. Ronin State Bank, 776 P.2d 837, 838 (Mont.1989).
 
 
 4
 We find that the gravamen of each of Stanhope's claims sounds in contract. Each claim is based on allegations that Star breached a covenant, express or implied, of the parties' oil and gas agreement. See Billings Clinic v. Peat Marwick Main, 797 P.2d 899, 908 (Mont.1990). While it is possible to treat the claims for breach of implied covenants also as breaches of tort duties implied by law, Stanhope is entitled to the benefit of the longer statute of limitation, the contract statute. See Thiel v. Taurus Drilling Ltd. 1980-II, 710 P.2d 33, 38 (Mont.1985); see also Billings, 797 P.2d at 909. Furthermore, Stanhope prays for royalty damages and damage to his leasehold caused by Star's failure to comply with their lease agreement. To the extent that the remedies Stanhope seeks determine the nature of his suit, see Weibel, 776 P.2d at 838, they also indicate that his claims are contractual.
 
 
 5
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3