TUTTLE, APPELLANT, *v.* HARDENBERG ET AL., RESPONDENTS.

[Submitted January 18, 1895.    Decided January 21, 1885.]

CONVERSION—*What amounts to.*—It is not necesssary to a conversion that there should be a manual taking of the thing in question by the defendant. If he exercises a dominion over the thing in exclusion or in defiance of the plaintiff's right, that is, in law, a conversion, be it for his own or another person's use.

SAME—*Indemnity bond—Liability of sureties.*—A sheriff seized property in an attachment suit, and, after holding it about two months, turned it over to his successor, who sold it. The owners of the property sued the sheriff and his successor for its conversion, and of this action the sureties on an indemnity bond to the sheriff were duly notified, and they came in and defended the suit Judgment was rendered against the defendants, and the amount thereof was collected from the sheriff. *Held,* that this judgment was sufficient evidence, under section 533 of the Code of Civil Procedure, of the sheriff's right to recover against the sureties the sum paid by him on the judgment.

*Appeal from Seventh Judicial District, Dawson County.*

ACTION on an indemnity bond. Judgment was rendered for the defendants by MILBURN, J. Reversed.

Statement of the case by the justice delivering the opinion:

This is an appeal from a judgment rendered in favor of defendants upon sustaining the demurrer to plaintiff's complaint. The question, therefore, before this court is whether the complaint stated a cause of action. The following facts appear in that pleading: The plaintiff was sheriff of Dawson county in 1888. On September 20, 1888, an action was commenced by P. R. L. Hardenberg (defendant here) against J. D. Sears to recover six hundred and fifty-nine dollars. A writ of attachment was issued in the action and delivered to H. C. Tuttle (plaintiff here) for service. Tuttle, as sheriff,

attached forty tons of hay as the property of Sears, defendant in said case of *Hardenberg* v. *Sears.* On September 28, 1888, said hay was claimed, under oath, as their property, by Mary A. Sears and Duncan Davidson. Sheriff Tuttle at once notified Hardenberg of this claim. Thereupon, on October 8, 1888, the defendants in this action, Hardenberg, D. R. Mead, and A. L. Smith, executed and delivered to this plaintiff, Tuttle, an indemnity bond, pursuant to the provisions of section 193 of the Code of Civil Procedure. Said bond was conditioned to indemnify and save harmless the sheriff, plaintiff herein, from all damage which he should sustain or in any wise be put to for or by reason of holding in his custody under said attachment the said hay. Upon the delivery of said bond to said sheriff he kept the hay so attached.

Plaintiff went out of office as sheriff, by expiration of his term, and was succeeded by Joel Gleason, on December 17, 1888. Under direction of said Hardenberg, Tuttle then turned over to Gleason the attached hay. The hay was sold by Gleason as perishable property.

In the action of *Hardenberg* v. *Sears,* judgment was rendered in favor of defendant April 17, 1889.

On March 5, 1889, Mary Sears and Davidson sued the plaintiff, Tuttle, and Gleason for the conversion of the hay. Defendant Hardenderg and his said two sureties were duly notified of this said action, and they came in and defended it. In that action judgment was duly rendered against this plaintiff and Gleason for three hundred and eighty-four dollars, and costs. Execution was issued on this judgment, and, on such execution, the amount of the judgment was collected from this plaintiff. He now brings this action to recover from the principal and his sureties on the indemnity bond. No service was obtained upon Hardenberg. Mead and Smith demurred, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained. Appeal by plaintiff.

*H. J. Haskell, Thomas C. Holmes,* and *Ella L. Knowles,* for Appellant.

I. In an action by a sheriff on an indemnity bond the defendants are precluded, by a recovery of judgment against

the sheriff for the conversion of the property, from setting up any defense, except that of fraudulent collusion, for the purpose of charging the surety. (*Flack* v. *Thaxter*, 17 N. Y. Supp. 359; *Connor* v. *Reeves*, 103 N. Y. 527.) A judgment against the sheriff is conclusive on the indemnifier, where the latter has been notified of the action. (*Dutil* v. *Pacheco*, 21 Cal. 438.)

II. A bond given to an officer to hold him harmless is in reality given for the benefit of the real parties in interest rather than for the benefit of the officer, and an action can be maintained thereon in the name of the real party in interest and not in the name of the officer, but in this case the action was brought in the name of the sheriff to whom the indemnifying bond was given. The bond complies substantially with the requirements of the statute, and, even if it did not, it would be regarded as a common-law bond, and valid as between the parties in interest. (*Hedderick* v. *Pontet*, 6 Mont. 345; *Parrott* v. *Scott*, 6 Mont. 340.)

III. Process begun by the sheriff may be completed by his successor in office. (*Dunnica* v. *Coy*, 28 Mo. 525; *Duncan* v. *Matney*, 29 Mo. 368; *Leshey* v. *Gardner*, 3 Watts & S. 314; *Bank of Tennessee* v. *Beatty*, 3 Sneed, 305; *Tarkinton* v. *Alexander*, 2 Dev. & B. 87.) The California decisions (see *People* v. *Boring*, 8 Cal. 407) are rendered upon a statute differing from the statutes of Montana, and are inapplicable.

*Strevell & Porter*, for Respondents.

I. Under the law of Montana the outgoing sheriff is not required to deliver attached property to his successor in office. (Comp. Stats., §§ 184, 192, 194, 857, 858.) By the rule of the common law the sheriff who began the execution of a writ was obliged to finish, though meanwhile his term expired, and such is the rule in this country, except where modified by statutory regulations. (22 Am. & Eng. Ency. of Law, 528; *Tukey* v. *Smith*, 18 Me. 125; 36 Am. Dec. 706; *McKay* v. *Harrower*, 27 Barb. 473; *People* v. *Boring*, 8 Cal. 408; *Colyer* v. *Higgins*, 1 Duvall, 6; 85 Am. Dec. 601; *Sagely* v. *Livermore*, 45 Cal. 615.)

II. The bond sued on was to Tuttle, and not to Tuttle and

Gleason, and the delivery of the attached property by the appellant to Gleason was wholly contrary to the obligation of the sureties on the bond. (Brandt on Suretyship and Guaranty, § 338; *Benthune* v. *Dozier*, 10 Ga. 235; *Rowan* v. *Shorp Mfg. Co.*, 33 Conn. 1; *Atlanta Nat. Bank* v. *Douglas*, 51 Ga. 205.)

III.   Whether the delivery of the attached property was made to the successor of Tuttle at the request of the principal obligor, or some stranger to the bond, the action would still constitute such a violation of the terms of the bond as would discharge these respondents as sureties. (*Wilde* v. *Armsby*, 6 Cush. 314; *Watress* v. *Pierce*, 32 N. H. 560; 9 Am. & Eng. Ency. of Law, 83.) The surety has a right to stand upon the very terms of his contract, and, if he does not assent to any variation of it, and a variation is made, it is fatal. (*Miller* v. *Stewart*, 9 Wheat. 680; *Grant* v. *Smith*, 46 N. Y. 96.)

IV.   The judgment recovered against appellant and Gleason cannot constitute a breach of respondent's bond to appellant, whereby appellant was bound to keep the attached property " in his custody," for that judgment, according to the allegations of appellant's complaint, rests upon a conversion of the property by appellant and Gleason, which appellant, by his complaint, admits.

DE WITT, J.—We are of opinion that this complaint states a cause of action. The objections to this pleading, urged by respondent's counsel, are based upon their claim that Sheriff Tuttle had no right, under the law, to turn over the attached hay to his successor, Sheriff Gleason, but should have retained the possession himself. But whether that were the sheriff's duty or not under our statutes (Comp. Stats., div. 5, §§ 857, 858), we do not think is material to this case. As it appeared by final results, the seizure of the hay was wholly wrongful. In the action in which the attachment was issued judgment went for defendant; and, in the action by the third persons claiming the hay, judgment was for those claimants. They, viz., Mary Sears and Duncan Davidson, claimed the hay from Tuttle on September 28th. On October 8th, defendants Mead and Smith gave Tuttle the indemnity bond. Tuttle

then held and kept the hay, at least until December 17th, when his term of office expired. During all this time his holding was wrongful. He was holding Mary Sears and Duncan Davidson's property by virtue of a writ of attachment against a person other than Sears and Davidson. Sears and Davidson were, therefore, then unlawfully deprived of their possession of the hay, and the same was converted by Tuttle.

Judge Cooley says, in his work on Torts: "Any distinct act of dominion wrongfully exerted over one's property in denial of his right, or inconsistent with it, is a conversion. 'The action of trover being founded on a conjoint right of property and possession, any act of the defendant which negatives or is inconsistent with such right amounts, in law, to a conversion. It is not necessary to a conversion that there should be a manual taking of the thing in question by the defendant; it is not necessary to be shown that he has applied it to his own use. Does he exercise a dominion over it in exclusion or in defiance of the plaintiff's right? If he does, that is, in law, a conversion, be it for his own or another person's use.'" (Cooley on Torts, 448.)

Therefore, Tuttle having fully converted the property prior to the expiration of his term of office, Sears and Davidson then had their cause of action against him.

"It is commonly said that, to sustain trover, the plaintiff must show a legal title; he must have property, general or special, or actual possession, or the right to immediate possession, at the time of the conversion." (Cooley on Torts, 442, 443.)

They did not sue Tuttle until later, and, when they did, they joined, as a defendant, Gleason, and recovered judgment against both of them. This was surely a judgment against Tuttle, and one by which he was damaged. The foundation for this judgment was in the cause of action arising by reason of Tuttle having seized and held the hay. Whatever may be true as to Sears and Davidson having a cause of action against Gleason for disposing of the hay, this did not deprive them of their cause of action against Tuttle for seizing and holding it. This cause of action they asserted against Tuttle, and obtained a judgment against him. For such damages occurring to

Tuttle by reason of his holding the hay, the defendants Mead and Smith agreed to indemnify him.

The Code of Civil Procedure provides, in section 533, as follows: "An action brought against a sheriff for an act done by virtue of his office, if he give written notice thereof to the sureties on any bond of indemnity received by him, the judgment recovered therein shall be sufficient evidence of his right to recover against such sureties."

Now, when Tuttle was sued by Sears and Davidson, he notified Mead and Smith, sureties, and they came in and defended the suit. The liability of Gleason and of Tuttle was tried in that case. As we have seen, there was a cause of action existing against Tuttle. We further find that it was tried and established in the suit against him, a suit in which the indemnifiers appeared and defended. Under these circumstances, section 533 of the Code of Civil Procedure declares that the judgment recovered shall be sufficient evidence of the sheriff's right to recover against the sureties. (*Dutil* v. *Pacheco, supra.*)

All these matters appear in the complaint in the action. The judgment of the district court is therefore reversed, and the cause is remanded, with instructions to overrule the demurrers of defendants Mead and Smith.

*Reversed.*

PEMBERTON, C. J., and HUNT, J., concur.