INTERSTATE MANUFACTURING COMPANY, Plaintiff and Respondent, v. INTERSTATE PRODUCTS COMPANY, a corporation, and DOYLE S. POTTS, CLARK McBRIDE and LESTER HALL, Defendants and Appellants.

No. 10990.

Submitted November 4, 1965. Decided December 8, 1965.

408 P.2d 478.

450

William G. Mouat, Billings (argued) for appellants.
Leo J. Kottas, Helena (argued) for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an action in claim and delivery in which the plaintiff-respondent alleges that the defendants converted to their own use a 1946 Dodge pickup, one-half ton power wagon, with winch cable, a welder and compressor, and other equipment. The case was tried to a jury before the Honorable W. W. Lessley, District Judge of the Eighteenth Judicial District, Gallatin County. From a judgment for return of the property to the plaintiff or, if that be not possible, payment of $1,750, the defendant appeals.

Four of the defendants' five specifications of error are based on the contentions that there is no evidence in the record of ownership of the property by the plaintiff or conversion thereof by the defendants. This court feels that there is sufficient evidence of both to justify the jury's finding of the same.

It is incumbent upon the plaintiff in an action on claim and delivery to prove ownership or right of possession in himself and wrongful possession by the defendant by a preponderance of the evidence. Hall v. Hilling, 107 Mont. 432, 86 P.2d 648; O'Connell v. Haggerty, 126 Mont. 442, 253 P.2d 578. There seems to be little question as to ownership of the pickup power wagon. The state supervisor of the registrar of motor vehicles testified that in 1958 her office issued a certificate of title in that vehicle to the plaintiff company. Since that time no transfer of it has been recorded in her office. R.C.M.1947, § 53-109, subd. (d), provides that no title shall be deemed to have passed for any purpose unless the registrar of motor

vehicles has received the outstanding certificate of ownership and has issued a new one. This court held in Safeco Insurance Co. v. Northwestern Mutual Ins. Co., 142 Mont. 155, 382 P.2d 174, that no title passes until the motor vehicle code is complied with. Thus, title to the power wagon continued to be in the plaintiff.

Defendants attack the plaintiff's title as being fraudulently acquired. However, no allegation of fraud was set forth by the defendants in their pleadings. Rule 8(c), M.R.Civ.P., requires that fraud be set forth in the pleadings as an affirmative defense. Rule 9(c) demands that the same be done with particularity.

The real issue of title here involves the welder and compressor. The defendants maintain that there was "not a scintilla" of evidence supporting any right of the plaintiff in those two items. On the contrary we find substantial evidence in support thereof. The president of the plaintiff company testified that they owned all of the items in question. He and other witnesses testified that the machinery was at the plaintiff's mill prior to 1958. No one ever gave a bill of sale to the welder and compressor. No machinery was assessed to the defendants during the years 1958 to 1964. During the same period machinery was assessed to the plaintiff although it was not itemized. Finally, the record shows that during both the plaintiff's and the defendants' possession the welder and compressor were almost always with the Dodge power wagon. This court will not disturb the verdict of the jury when it is supported, as in this case, by substantial evidence. Olson v. McLean, 132 Mont. 111, 313 P.2d 1039.

The jury, having determined that the plaintiff owned the property, properly found conversion by the defendant. Any distinct act of dominion wrongfully exerted over one's property in denial of his right, or inconsistent with it, is a conversion. Hardie v. Peterson, 86 Mont. 150, 282 P. 494. Here, there was rightfully obtained possession by the defendant, but wrongful retention after demand was made for its delivery.

Demand and refusal of delivery gives rise to a cause of action for conversion or claim and delivery where the defendant came into possession of the property rightfully. Hardie v. Peterson, supra.

Defendants' remaining specification of error is that this action is barred by the statute of limitations. The applicable statutory provision in claim and delivery cases is section 93-2607, subd. 3, R.C.M.1947, which provides for a two year limit. Gates v. Powell, 77 Mont. 554, 252 P. 377. Where possession by the defendant is rightful, the period ordinarily begins to run when the defendant refuses upon demand to return the property. Gates v. Powell, supra. In this cause there was a written demand made by the plaintiff for delivery of the property in question on December 7, 1961. The defendants had ten days to comply. They did not do so, thus refusal may be said to have occurred on December 17, 1961. This action was commenced September 9, 1963, or within the prescribed two years after the formal demand and refusal. The defendants maintain, however, that two grounds exist for ruling that the statute began to run at a date prior to September 10, 1961. This date is significant since it is the earliest possible time from which the statute could have run without barring the plaintiff's action.

First, they assert that there was evidence of two demands made and refused in 1958. Thus, they argue, the trial judge should have submitted the question to the jury rather than ruling himself that the statute of limitations had not expired. An agent of the defendants testified as to some nebulous conversations for the return of the equipment in 1958. These are now asserted to have been demands. No other witness, produced by either side, had any knowledge of these alleged dmands. The question of whether there is the substantial evidence required to present an issue to the jury is for the court. to decide. See Stocking v. Johnson Flying Service, 143 Mont. 61, 387 P.2d 312. In determining this the trial judge is not. bound by the testimony of any witness. Cullen v. Peschel, 115.

454

Mont. 187, 142 P.2d 559. We feel that the court was fully within its authority to find that this testimony did not constitute substantial evidence of an oral demand and refusal.

The second argument on the statute of limitations is that a conversion occurred giving rise to the plaintiff's cause of action in June 1961 with an alleged sale of the property by the defendants. The purported buyer was one Alverson who served as caretaker of the defendants' mine where the equipment was stored. There is no question that a sale of goods by an unauthorized party constitutes a conversion. Foster v. First National Bank of Missoula, 139 Mont. 396, 365 P.2d 938; 18 Am.Jur.2d Conversion, § 35, p. 179. However, the statute of limitations does not commence to run on the date of the transfer where the plaintiff is ignorant of his cause of action and such ignorance is neither wilful nor the result of negligence. Walter v. Caffal, 192 La. 447, 188 So. 137. (Many cases hold that the statute runs regardless of the plaintiff's lack of knowledge. However, the reason for these rulings seems to be that in such cases ignorance is the result of want of diligence and the party cannot thus take advantage of his own fault. 54 C.J.S. Limitations of Actions § 205, p. 218). Here we have a transfer of property from a principal, the defendant company, to an agent who had been charged with the care of such property. In other words, possession never changed hands. In fact, Alverson did not remove the property from the defendants' mine until August 17, 1961. Even had the plaintiff Company been keeping a watchful eye on the equipment, they could not have noticed any act inconsistent with their ownership during this period. And even if Alverson's physical removal of the property on August 17 be deemed such an act, the plaintiff would certainly be allowed at least until the critical September 10, 1961, date to discover it before being charged with lack of diligence.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, ADAIR and CASTLES concur.