No. 82-420

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

MARTIN A. GEBHARDT,

Plaintiff and Appellant,

-vs-

D. A. DAVIDSON & CO., a Mont. for-profit
corp.,

Defendant and Respondent.

Appeal from:  District Court of the Fourth Judicial District,
In and for the County of Missoula, The Honorable
James B. Wheelis, Judge presiding.

Counsel of Record:

For Appellant:

M. Richard Gebhardt, Ronan, Montana

For Respondent:

Garlington, Lohn & Robinson; Paul C. Meismer,
Missoula, Montana

Submitted on Briefs:  January 13, 1983

Decided:  April 13, 1983

Filed:

APR 13 1983

*Ethel M. Harrison*

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

This appeal results from an order entered by the District Court of the Fourth Judicial District, Missoula County, dismissing an action brought by Martin A. Gebhardt against D.A. Davidson & Company (DAD). Gebhardt appeals.

Gebhardt's complaint alleged that DAD wrongfully converted monies Gebhardt had previously invested in a Franklin Money Fund account, by transferring such monies to a Kemper Cash Equivalency account without Gebhardt's authorization. As of the date of transfer, March 22, 1982, principal and accrued interest totalled $32,502.46. The complaint further alleged that such sum was not returned to Gebhardt's Franklin Money Fund account until April 8, 1982, after Gebhardt had protested the transfer.

Gebhardt sought $1,500 in actual damages, based on Section 27-1-320, MCA, and the allegation that Gebhardt had to secure the services of an attorney and expend time, effort and funds in pursuit of his wrongfully converted property. Additionally, exemplary damages of $10,000 were sought, based on an allegation that "[DAD] by fraud acquired such funds and exerted control and authority over such funds."

On June 22, 1982 DAD filed a motion to dismiss, specifically alleging that (1) Gebhardt failed to properly allege conversion; (2) Gebhardt suffered no damages; and (3) the complaint failed to state a claim upon which relief could be granted. DAD's motion was supported by memorandum, an affidavit of Paul Eichwald, an employee of DAD, and four exhibits.

Exhibit 1 was a copy of a blank new account application form, routinely completed by clients approaching DAD for

2

investment services. The application form contains language authorizing DAD to act as broker and dealer for a client.

Exhibit 2 was a copy of a blank Franklin Money Fund application. Part 5 of the application provides a place for the name and address of the dealer or advisor sponsoring the application.

Exhibit 3 was a copy of a letter sent by DAD to all clients who had listed DAD as sponsor on Franklin Fund applications. The letter explained DAD's rationale behind a proposed transfer of client accounts from Franklin Money Fund to Kemper's Cash Equivalent Fund. The letter stated the transfer would occur automatically on March 22, 1982, unless the client advised DAD to the contrary.

Exhibit 4 was a copy of a letter dated April 1, 1982 from Gebhardt's counsel to DAD. The letter expressed Gebhardt's dissatisfaction with DAD regarding the transfer from the Franklin Money Fund and included in pertinent part, the following statements: "Mr. Gebhardt has been a client of your firm [DAD] for many years . . . Recently, [Gebhardt] invested in Franklin Money Fund Account No. 11100024562 using one of D.A. Davidson's forms which listed Tom Schule as representative and D.A. Davidson & Co. as sponsor."

Eichwald's affidavit included in pertinent part, the following attestations: (1) Eichwald was familiar with the transactions and occurrences which served as basis for Gebhardt's suit; (2) clients approaching DAD for investment services routinely complete a new account application; (3) Eichwald believed that Gebhardt completed a new account application prior to January 1, 1982 and that the original application was on file in DAD's Great Falls office; (4) clients applying for a money market investment are required to complete a Franklin Fund application form; (5) prior to

3

January 1, 1982, Gebhardt completed a Franklin Fund application, listing DAD as sponsor; (6) on or about March 5, 1982, all clients who had listed DAD as sponsor on Franklin Fund account applications received a letter from DAD regarding the proposed transfer from Franklin Money Fund to Kemper Corporation Money Market Fund; (7) prior to March 22, 1982, Gebhardt did not request that his funds not be transferred by DAD; (8) at all times the funds of Gebhardt were listed under his name and available only for his use; (9) DAD transferred Gebhardt's funds back to the Franklin Fund as soon as practicable, pursuant to Gebhardt's request dated April 1, 1982, the transfer being completed April 8, 1982; and (10) Gebhardt did not lose any accrued interest on the transfers and in fact earned $1\frac{1}{4}$ to $1\frac{1}{2}$ percent more interest than if his funds had been left in the Franklin Fund account.

Thereafter Gebhardt filed a memorandum in opposition to the motion to dismiss, and with district court approval, an amended complaint. The amended complaint attempted to elaborate on Gebhardt's allegations of fraud as a justification for exemplary damages. At no time did Gebhardt respond to DAD's motion to dismiss by filing counteraffidavits or exhibits.

On August 18, 1982, the district court heard oral argument by both counsel on the motion to dismiss. The motion was granted by order entered August 27, 1982. The court's reasons for granting the motion were that Gebhardt did not allege sufficient facts to show either an action in fraud or conversion, and that Gebhardt did not suffer damages. The order specifically stated: "From the date of [Gebhardt's] objection, April 1, 1982, until the date the money was transferred back into the Franklin Fund, the money

4

was entirely within the plaintiff's control. The degree of control that [Gebhardt] retained while the money was in either fund was the same."

On September 10, 1982 the district court entered judgment against Gebhardt and awarded DAD costs. Gebhardt appeals from the order dismissing his complaint.

Gebhardt contends the district court erred in dismissing the complaint for failure to state a claim for relief in conversion or fraud. Gebhardt argues that it was improper for the district court to assume from facts not in evidence that (a) Gebhardt authorized DAD to invest his money, and (b) Gebhardt suffered no damage as result of the transfer.

DAD argues that, according to Rule 12(b), M.R.Civ.P., the inclusion of the affidavit and exhibits in support of the motion to dismiss, expanded the district court's inquiry through operation of Rule 56, M.R.Civ.P. Under Rule 56, M.R.Civ.P., DAD asserts that the district court correctly determined that Gebhardt's complaint did not set forth a claim upon which relief could be granted. DAD maintains that it established a basis for summary judgment, e.g., there were no genuine issues of material fact and DAD was entitled to judgment as a matter of law, and it was incumbent upon Gebhardt to oppose the motion by raising or demonstrating the existence of a genuine issue of material fact, or demonstrating that the legal issue should not be determined in favor of DAD.

We note that Gebhardt's complaint alleged only one count, conversion, and that the fraud allegations only pertain to his prayer for exemplary damage. Accordingly, the only question before the court is whether the district court committed error in dismissing the complaint for failing to state a claim for relief based upon conversion.

5

We reverse the district court order dismissing the complaint. Reversible error was committed when matters outside the pleadings were considered by the district court in conjunction with DAD's motion to dismiss and the district court failed to notify Gebhardt that the effect of such consideration was that DAD's motion to dismiss was converted into a motion for summary judgment.

A motion to dismiss under Rule 12(b)(6), M.R.Civ.P., only tests whether a claim has been adquately stated in the complaint. Therefore, the court's inquiry properly is limited to the content of the complaint. 5 Wright & Miller, Federal Practice and Procedure, §1356, p. 592. Such motion has the effect of admitting all the well pleaded allegations of a complaint, and the general rule is that a complaint should not be dismissed unless it appears beyond reasonable doubt that the plaintiff can prove no set of facts which would entitle him to relief. Busch v. Kammerer (1982) _____ Mont._____, 649 P.2d 1339, 39 St.Rep. 1624.

The essential elements of an action for conversion are the plaintiff's ownership and right of possession of the personalty, its conversion by defendant, and resulting damages. Johnson v. Clark (1957) 131 Mont. 454, 311 P.2d 772. Conversion has been defined as a distinct act of dominion wrongfully exerted over one's property in denial of, or inconsistent with, the owner's right, Interstate Mfg. Co. v. Interstate Products Co. (1965) 146 Mont. 449, 408 P.2d 478, or an unauthorized assumption of dominion over personalty in hostility to the right of the owner. Sorenson v. Jacobson (1951) 125 Mont. 148, 232 P.2d 332.

In his amended complaint Gebhardt alleged he had invested approximately thirty two thousand dollars in Franklin Money Fund prior to March 22, 1982, that DAD

6

wrongfully and without authority removed the monies from the Franklin Money Fund to the Kemper Cash Equivalent Fund, and that Gebhardt was damaged by the actions of DAD in the amount of $1,500 as he had to secure services of an attorney and expended time and effort, and funds in pursuit of his property. That is sufficient to constitute a claim for relief based upon conversion.

It is apparent that the error committed by the district court was precipitated by DAD's submission of exhibits and affidavit in support of its motion to dismiss. While it is permissible to present such materials in conjunction with a motion to dismiss, there are very definite procedural consequences which attend such action. These procedures were not adhered to in the instant case.

Gebhardt was entitled to reasonable opportunity to present all materials made pertinent to such motion by Rule 56. Rule 12(b), M.R.Civ.P.; Graveley v. MacLeod (1978) 175 Mont. 338, 573 P.2d 1166; State ex rel. Dept. of Health and Environmental Sciences v. Livingston (1976) 169 Mont. 431, 548 P.2d 155. Even though Gebhardt must be presumed to have knowledge of the automatic conversion requirements of Rule 12(b), since the district court has discretion as to whether or not extra-pleading materials will be excluded, it is incumbent on the district court to affirmatively notify the parties that the materials were not excluded and that the conversion was effected.

It is imperative that the non-moving party appreciate the consequences of the automatic conversion, e.g., that he/she may not rest upon mere allegations in pleadings but must come forth with affidavits or other materials which specifically set forth facts which show that there is a genuine issue for trial, so that the non-moving party has a

reasonable opportunity to present all material made pertinent to such motion under Rule 56.

The memorandum filed by Gebhardt before hearing in the district court and the brief filed on appeal here reveal that Gebhardt at all times believed that the court was considering a motion to dismiss the complaint, based on the sufficiency of the pleadings alone, and nothing more.

To ensure a party has reasonable opportunity to present pertinent materials, we require strict compliance with the requirements of Rules 12(b) and 56 in instances such as the case at bar. The district court must give the parties notice that a Rule 12(b) motion is to be treated as a motion for summary judgment, and absent notice, extra-pleading materials must be excluded from the court's consideration in ruling on a motion to dismiss.

The district court's order is reversed and this cause remanded for further proceeedings consistent with this opinion.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

Mr. Justice L. C. Gulbrandson dissenting:

I respectfully dissent.

In D. A. Davidson's memo in support of motion to dismiss, filed June 28, 1982, with the clerk of District Court, counsel argued the legal effect of the affidavit and exhibits previously served on Gebhardts counsel.

In D. A. Davidson's reply memo, filed July 29, 1982, counsel again argued the legal effects of the affidavit and exhibits, and, on page one, specifically referred to Rule 56.

On August 18, 1982, at the hearing on the motion to dismiss, Gebhardt's counsel made the following comment: "If I might, on the summary judgment or motion to dismiss Rule 12b, I think. . ." (Transcript p. 5, line 12), and later declined the court's offer to submit additional briefs.

In my view, Gebhardt's counsel had sufficient opportunity to submit all materials he deemed appropriate in response to D. A. Davidson's affidavit and exhibits, and should have known that the court was proceeding under Rule 56.

Under the facts of this case I would not require the District Court to affirmatively notify the parties that the conversion to Rule 56 had been effected, and would, therefore, affirm the District Court.

_____
Justice