FILED

09/12/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0106

DA 17-0106

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 224

MILES KINGMAN,

      Plaintiff and Appellant,

  v.

THOMAS WEIGHTMAN,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 15-529B
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Miles Kingman, Self-Represented, Shelby, Montana

      For Appellee:

      Michael J. Lilly, Berg, Lilly & Tollefsen, P.C., Bozeman, Montana

Submitted on Briefs:  August 9, 2017

Decided:  September 12, 2017

Filed:

                                           Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Miles Kingman (Kingman) appeals the summary judgment entered by the Eighteenth Judicial District Court, Gallatin County, in favor of Thomas Weightman (Weightman). We affirm, and address the following issue:

*Did the District Court err by holding that the statute of limitations had run on Kingman's claim for conversion of property?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 On September 17, 2008, Kingman inflicted serious injuries upon another man in a drunken altercation outside a bar in Bozeman. Kingman fled the scene, but was arrested later that day. Bozeman City Police took Kingman to the Bozeman Deaconess Hospital, where photos were taken, apparently showing him wearing a wristwatch. Police took Kingman's personal property into custody, including the watch.

¶3 Kingman was charged with attempted deliberate homicide and convicted of aggravated assault, a lesser included offense, following a jury trial. The District Court sentenced Kingman to twenty years in Montana State Prison, imposed $183,115.45 in restitution, and ordered Kingman to register as a violent offender. On November 1, 2011, this Court upheld Kingman's conviction. *State v. Kingman*, 2011 MT 269, 362 Mont. 330, 264 P.3d 1104.

¶4 On December 19, 2013, Weightman, the senior evidence technician for the Bozeman Police Department, sent a letter informing Kingman his personal property was authorized to be released and that Kingman could arrange to have it picked up. The letter listed several items, including a watch. Kingman arranged for his aunt to have the watch

2

shipped to her home. On March 13, 2014, Weightman sent another letter, which advised Kingman that the watch was not his. Kingman alleged that his public defender had contacted Weightman to arrange return of the watch, but that Weightman had told Kingman's public defender that he was not inclined to return the watch due to a nasty letter he received from Kingman.

¶5 On July 9, 2015, Kingman initiated this action against Weightman, alleging that Weightman had failed to return Kingman's blue faced titanium Citizens wristwatch, which, according to the complaint, was valued at $800. The final Amended Complaint sought damages for "theft" and "malicious intent." The District Court, with the approval of the parties, deemed the theft claim as one for conversion of property.

¶6 Weightman moved for Summary Judgment, arguing the two-year statute of limitations for conversion had expired and that malicious intent was not a recognized cause of action in Montana. Reasoning that Kingman had six months after the completion of his criminal proceedings to request return of his property, pursuant to § 46-5-305, MCA, and that he "should have been aware" of any wrongful act by that time, the District Court held that the two-year limitation period on the conversion claim had expired prior to the filing of the suit, and entered judgment in favor of Weightman. Kingman appeals, arguing only the statute of limitation issue.

## STANDARD OF REVIEW

¶7 We review a district court's summary judgment ruling *de novo*, applying the same M. R. Civ. P. 56 criteria used by the District Court. *Belanus v. Potter*, 2017 MT 95, ¶ 13, 387 Mont. 298, 394 P.3d 906. Summary judgment is appropriate only when no genuine

3

issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Belanus*, ¶ 13; M. R. Civ. P. 56(c). Whether a district court correctly applied the statute of limitations is a question of law we review for correctness. *Belanus*, ¶ 14 (citing *Ehrman v. Kaufman*, 2010 MT 284, ¶ 10, 358 Mont. 519, 246 P.3d 1048).

## DISCUSSION

¶8 *Did the District Court err by holding that the statute of limitations had run on Kingman's claim for conversion for property?*

¶9 "When deciding which statute of limitations applies, this Court will look to the substance of the complaint." *Johnson Farms, Inc. v. Halland*, 2012 MT 215, ¶ 19, 366 Mont. 299, 291 P.3d 1096 (citations omitted). Kingman alleged an unauthorized exercise of dominion over his personal property by Weightman, which the District Court, with consent of the parties, properly treated as a claim of conversion. *See, e.g., Gebhardt v. D.A. Davidson & Co.*, 203 Mont. 384, 389, 661 P.2d 855, 858 (1983) (defining elements of the tort of conversion).

¶10 Section 27-2-207, MCA, provides a two-year period for commencement of property torts, including actions "for . . . taking, detaining, or injuring any goods or chattels, including actions for the specific recovery of personal property . . . ." We have applied this section to conversion claims. *See Action Enters. by & Through Lindeman v. McCalla*, 259 Mont. 167, 170, 855 P.2d 111, 113 (1993).

¶11 A statutory procedure governs the return of property seized as evidence. Section 46-5-312, MCA, provides that "[a] person claiming the right to possession of property seized as evidence may apply to the judge for its return . . . and [the judge] shall hold a

4

hearing to determine the right of possession." However, "[if] property seized as evidence is not claimed within [six] months of completion of the case for which it was seized, it must be disposed of . . . ." Section 46-5-305, MCA. Kingman's criminal case was completed on November 1, 2011, when we affirmed his conviction.[1] Kingman did not apply for return of the property, either during or after his criminal case. The Police could have disposed of the property, under the process set forth by statute, on or after May 1, 2012, six months after the completion of Kingman's case.

¶12 Under § 27-2-102(1)(a), MCA, a claim accrues "when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action . . . ." The elements of conversion are: (1) the plaintiff's ownership and right of possession of the personal property; (2) its conversion by the defendant, meaning a "distinct act of dominion wrongfully exerted over one's property in denial of, or inconsistent with, the owner's right," or an "unauthorized assumption of dominion over [personal property] in hostility to the right of the owner"; and (3) resulting damages. *Gebhardt*, 203 Mont. at 389, 661 P.2d at 858 (1983) (citations omitted).

¶13 Kingman argues he did not discover the harm until March 2014, when Weightman notified Kingman he would not return the watch. The District Court stated that Kingman "should have become aware" of the alleged wrongful act no later than May 2012, six months after his criminal case was completed, and it requires no speculation to conclude

---

[1] The District Court stated that Kingman's conviction was affirmed on November 21, 2011, but our opinion was published on November 1, 2011.

that Kingman was aware his property had been taken and held during his court proceedings. Regardless, under § 27-2-102(2), MCA, "[l]ack of knowledge of the claim or cause of action, or of its accrual . . . does not postpone the beginning of the period of limitation."[2]

¶14   We conclude that Kingman's claim accrued, at the latest, six months after the completion of Kingman's case, or May 1, 2012, because all three elements of conversion were then present. First, Kingman had some right or interest in the personal property, although, given that the City's statutory right to seek disposal of the property had ripened, Kingman's interest may have been compromised.[3] Second, Weightman's dominion over the watch would have been inconsistent with Kingman's ownership. Finally, Kingman's damages, including the loss of his property, were present. However, Kingman's first complaint was not filed until July 9, 2015, well beyond the two-year limitations period provided in § 27-2-207, MCA, for conversion claims, which would have expired on May 1, 2014. The claim is thus time barred.

¶15   Kingman argues that we should apply the longer statute of limitations applicable to contract claims. However, this is a new theory raised on appeal, and we decline to address it. It is well-established, with a few exceptions, that we will not address issues raised for the first time on appeal as it would be fundamentally unfair to the trial court. *In re C.B.*, 2017 MT 83, ¶ 16, 387 Mont. 231, 392 P.3d 598.

---

[2]  A statutory discovery exception applies to this rule only if "the facts constituting the claim are by their nature concealed or self-concealing" or "the defendant has taken action which prevents the injured party from discovering the injury or its cause." Section 27-2-102(3), MCA. Here, the exception does not apply because the claim was not self-concealing in nature and there is no evidence, nor does Kingman argue, that Weightman attempted to hide the injury from Kingman.

[3]  The City's letter advising Kingman about the property certainly bolstered his claim to it.

¶16 Although it would have been prudent for the Police Department to more closely adhere to the property disposition provisions in §§ 46-5-301 et seq., MCA, in its handling of the watch, instead of sending Kingman a letter over two years after the close of his criminal case, any claim by Kingman for conversion accrued by May 1, 2012, and the period of limitation expired by May 1, 2014. Statutes of limitation, prescribed by the Legislature, serve the important purpose of suppressing stale claims that make mounting a defense difficult due to the passage of time. *E.W. v. D.C.H.*, 231 Mont. 481, 484, 754 P.2d 817, 818-19 (1988). The underlying policy is one of fairness and substantial justice to ensure both parties have the opportunity to fully present both sides of a controversy. *E.W.*, 231 Mont. at 484, 754 P.2d at 818-19. We conclude the District Court did not err in granting Weightman's Motion for Summary Judgment.

¶17 Affirmed.

/S/ JIM RICE

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR

7