FILED

10/18/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0619

DA 21-0619

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 200

CHARLES DRESCHER,

       Plaintiff, Counter Defendant,
       and Appellee,

   v.

JOHN MALEE,

       Defendant, Counter Claimant,
       and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
                    In and For the County of Granite, Cause No. DV-21-1
                    Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Jeffrey W. Dahood, Knight & Dahood, Anaconda, Montana

       For Appellee:

       Bernard J. "Ben" Everett, J. Ben Everett, Everett Cook Law, Anaconda,
       Montana

                                 Submitted on Briefs:  April 13, 2022

                                    Decided:  October 18, 2022

Filed:

                  _____
                             Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1    John Malee (Malee) appeals the adverse September 9, 2021 summary judgment ruling of the Montana Third Judicial District Court, Granite County, and resulting final judgment, granting Plaintiff Charles Drescher (Drescher) judgment that Drescher is the sole owner of a formerly co-owned family cabin property located on United States Forest Service (USFS) land on Echo Lake in the Pintler Ranger District of the Beaverhead-Deerlodge National Forest in Granite County, Montana. Malee further appeals the court's adverse summary judgment ruling on his asserted constructive fraud counterclaim against Drescher. We address the following restated issues:

1. *Whether the District Court erroneously granted summary judgment to Drescher on his asserted declaratory judgment and quiet title claims?*

2. *Whether the District Court erroneously granted summary judgment to Drescher on Malee's constructive fraud counterclaim?*

Reversed in part, affirmed in part, and remanded for further proceedings.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2    At issue is a four-room log cabin affixed on and to a parcel of USFS land under the terms of a USFS special use permit.[1] The parties' pleadings and briefing below characterize the cabin property as privately owned personal property.

---

[1] In pertinent part, the USFS special use permit states: (1) "[t]his permit, which is revocable and terminable, is not a contract or a lease, but rather a federal license"; (2) this permit "authorizes only occupancy of a recreation residence"; and (3) "[t]his permit is not real property [and] does not convey any interest in real property."

¶3     As of 1992, the record cabin owner was Amelie Malee, the grandmother of Drescher and Malee. Upon Amelie's death in December 1992, separate but undivided ½ ownership interests passed to Drescher and Amelie's daughter, Jackie Malee (Jackie), via a personal property bill of sale. As alleged in Drescher's 2021 complaint in this matter, *inter alia*, a dispute subsequently arose between he and Jackie over the use and maintenance of the property, culminating in her 2002 filing of a complaint for partition of the property.[2] Drescher's 2021 complaint further alleged that, after he answered the 2002 partition complaint, Jackie did not further prosecute the action and, after August 2007, ceased all use and maintenance of the cabin. The record on appeal indicates that Jackie's 2002 partition action lies dormant in a separate cause below.

¶4     In September 2007, Jackie transferred her ½ interest in the cabin by recorded bill of sale to her brother, Sibley Malee (Sibley), and his son, Malee, in separate but undivided ¼ shares. Over the next decade, Sibley and Drescher shared the various burdens of maintenance, insurance, taxes, use permit fees, and other cabin expenses, though accounts differ as to who paid what, how much, and when. After Sibley died in early 2018, Malee acquired Sibley's ¼ interest via a recorded bill of sale from Sibley's wife, thus resulting in

---

[2] Partition is a statutory remedy for termination of property ownership in a tenancy in common and equitable division of the common property among the former cotenants. *Y A Bar Livestock Co. v. Harkness*, 269 Mont. 239, 249, 887 P.2d 1211, 1217 (1994); *Kravik v. Lewis*, 213 Mont. 448, 454-57, 691 P.2d 1373, 1376-77 (1984); *see* §§ 70-2-211 and -212, MCA.

Malee and Drescher as the record owners of separate but undivided ½ interests in common in the cabin property.[3]

¶5      In May 2018, Malee wrote to Drescher and requested that they establish a shared use schedule for the cabin and arrange for Malee to share in cabin expenses. By letter dated May 29, 2018, Drescher responded through counsel and asserted that he had been the exclusive user of the cabin since 2007, had thereafter been exclusively responsible for maintenance, and would not share the cabin with Malee. The letter stated, however, that "[i]n order to resolve any claim" that Malee "might have in the cabin," Drescher offered "to enter into negotiations to purchase [Malee's] interest" at its pre-improvement value. At some point thereafter, Drescher changed the locks on the cabin. Malee later traveled to the cabin from his Idaho home but found that he was locked out. In November 2018, he wrote to Drescher and asked for a key to the new locks and again requested that they establish a shared use schedule. By letter dated November 19, 2018, Drescher replied that his position had not changed and thus denied Malee's requests.

¶6      In January 2021, Drescher filed a complaint against Malee seeking declaratory judgment that Drescher was the sole owner of the cabin property. The claim alleged that Drescher had exercised exclusive use, possession, and control over the cabin since August 2007 and that the equitable laches doctrine thus precluded Malee from now asserting any interest in the cabin or associated USFS permit. Malee answered in opposition and further

---

[3] The prior USFS permit was issued to Sibley. The parties assert that such USFS permits may only be issued to either a single party or a married couple, not to unmarried co-owners.

4

asserted two affirmative defenses, one of which asserted that "Malee[] has a one-half legal interest in the property." Drescher later filed an amended complaint restating his original declaratory judgment claim and a new claim for quiet title pursuant to §§ 70-2-201 and -202, MCA. Malee answered in opposition to both claims and asserted multiple affirmative defenses and a counterclaim alleging constructive fraud. The counterclaim alleged that Malee was a record co-owner of the property, that Drescher had a duty "to be honest regarding his ownership interest," and that Drescher breached that duty by "fraudulently stat[ing]" that he was the "sole owner" of the property and "mislead[ing]" Malee "in an attempt to gain an advantage over the property," thereby resulting in constructive fraud.

¶7     In April 2021, Drescher filed a motion for summary judgment that he acquired Malee's ownership interest in the cabin property "by conversion" and subsequent operation of the two-year statute of limitations applicable to conversion claims. He also accordingly sought summary judgment on Malee's constructive fraud claim. After a hearing, the District Court granted summary judgment to Drescher on his declaratory judgment and quiet title claims. In essence, the court reasoned that, by denying Malee access to the co-owned cabin property for more than two years after issuance of his May 29, 2018 denial letter, Drescher "converted" Malee's ½ interest in the cabin property, and that the subsequent running of the two-year statute of limitations for conversion claims then extinguished Malee's interest as a matter of law after May 29, 2020, thereby vesting Drescher with full and exclusive title to the property as of May 30, 2020—6 months prior

5

to the filing of his January 2021 declaratory judgment complaint.[4]  The court thus further concluded that the conversion and resulting vesting of sole ownership of the cabin in Drescher effectively precluded Malee's counterclaim because, as pled, the alleged constructive fraud was based on the May 29, 2018 letter that effected the initial conversion. The District Court did not rule on Malee's alternative motion, filed after the June 2021 summary judgment hearing, for consolidation of this case with the dormant 2002 partition case or for leave to amend his answer to add a partition claim in this case.  Malee timely appeals.

**STANDARD OF REVIEW**

¶8      Summary judgment rulings are subject to de novo review for conformance with applicable M. R. Civ. P. 56 standards and requirements.  *Dick Anderson Constr., Inc. v. Monroe Prop. Co.*, 2011 MT 138, ¶ 16, 361 Mont. 30, 255 P.3d 1257.  Summary judgment is proper only when there is no genuine issue of material fact and the moving party is

---

[4] *See similarly Yore v. Murphy*, 18 Mont. 342, 45 P. 217 (1896) (running of conversion statute of limitations after alleged unauthorized sale of owner's sheep time-barred owner's conversion claim against third-party purchaser); *O'Keeffe v. Snyder*, 416 A.2d 862, 871-74 (N.J. 1980) (rejecting adverse possession of chattels theory based on running of replevin statute of limitations in favor of application of claims accrual discovery rule but nonetheless recognizing that "expiration of the [conversion] statute of limitations bars the remedy to recover possession and [thereby effectively] vests title in the possessor"); *see also* §§ 70-19-401 and -405, MCA (acquisition of title to real property by adverse possession/prescription – derived from Cal. Civ. Proc. Code § 318 and Cal. Civ. Code § 1007); *San Francisco Credit Clearing House v. Wells*, 239 P. 319 (Cal. 1925) (distinguishing mere statute of limitations time-bar of conversion action for possession from acquisition of title by prescription, noting without holding Cal. Civ. Proc. Code § 318 and Cal. Civ. Code § 1007, providing for acquisition of title by adverse possession/prescription, are seemingly not applicable to personal property, and holding that subject conversion action for possession not time-barred under the circumstances).

entitled to judgment as a matter of law.  M. R. Civ. P. 56(c)(3).  Here, both parties assert that there is no genuine issue of material fact on the Rule 56 evidentiary record regarding the matters at issue.  Lower court conclusions and applications of law are subject to de novo review.

## DISCUSSION

¶9      *1. Whether the District Court erroneously granted summary judgment to Drescher on his asserted declaratory judgment and quiet title claims?*

¶10     It is undisputed on the Rule 56 record that the subject cabin property is personal property under the particular circumstances of this case.[5]  It is further undisputed that, as of May 29, 2018, Drescher and Malee were the record co-owners of the property as tenants in common, with each holding an undivided ½ interest.[6]  Except as otherwise provided in the source instrument of creation or conveyance, each cotenant in a tenancy in common has equal right to access, possess, and use all or any part of common property.  *See Jarrett v. Jarrett*, 202 Mont. 471, 474, 659 P.2d 839, 840 (1983) (citing *Toeckes v. Baker*, 188 Mont. 109, 114, 611 P.2d 609, 612 (1980)); *Mullins v. Butte Hardware Co.*, 25 Mont. 525,

---

[5] *See Pacific Metal Co. v. Nw. Bank of Helena*, 205 Mont. 323, 327-30, 667 P.2d 958, 960-62 (1983) (a structure affixed to real property owned by another may be deemed personal property pursuant to the mutual assent of the owners of the respective properties).

[6] *See also* §§ 70-1-313, -314, and -306, MCA (interests "in common" and how created); *In re Estate of Ayers*, 2007 MT 155, ¶ 15, 338 Mont. 12, 161 P.3d 833 ("[t]enants in common own several and distinct titles to their [common] property"); *In re Estate of Lahren*, 268 Mont. 284, 286, 886 P.2d 412, 413 (1994) (property interests created in favor of "several persons" create a tenancy in common "[a]bsent an express declaration of intent that the ownership interest be held in joint tenancy"—internal citations omitted).

7

536, 65 P. 1004, 1008 (1901); *Le Vasseur v. Roullman*, 93 Mont. 552, 557, 20 P.2d 250, 252 (1933) (citing *Hopkins v. Noyes*, 4 Mont. 550, 560, 2 P. 280, 283-84 (1883)).

¶11 Conversion is a common law intentional tort consisting of the unauthorized exercise or exertion of dominion or control over personal property of another in a manner inconsistent with the property rights of the other. *Lane v. Dunkle*, 231 Mont. 365, 370, 753 P.2d 321, 324 (1988); *Gebhardt v. D.A. Davidson & Co.*, 203 Mont. 384, 389, 661 P.2d 855, 858 (1983); *Interstate Mfg. Co. v. Interstate Prods. Co.*, 146 Mont. 449, 452, 408 P.2d 478, 481 (1965); *Johnson v. Clark*, 131 Mont. 454, 459, 311 P.2d 772, 775 (1957); *Sorenson v. Jacobson*, 125 Mont. 148, 158, 232 P.2d 332, 338 (1951); *Hardie v. Peterson*, 86 Mont. 150, 158, 282 P. 494, 498 (1929); *Tuttle v. Hardenberg*, 15 Mont. 219, 223, 38 P. 1070, 1071-72 (1895); Restatement (Second) of Torts § 222A (Am. Law Inst. 1965). At common law, there were two legal remedies available for tortious conversion. Formerly known as replevin or claim and delivery, the first was a conversion-based claim for possession of the subject property *in specie*. *See Foster v. First Nat'l Bank*, 139 Mont. 396, 401, 365 P.2d 938, 941 (1961); *O'Connell v. Haggerty*, 126 Mont. 442, 446, 253 P.2d 578, 580 (1953); *Heiser v. Severy*, 117 Mont. 105, 115, 158 P.2d 501, 505 (1945); *Kramlich v. Tullock*, 84 Mont. 601, 606-08, 277 P. 411, 412-13 (1929); *Gallick v. Bordeaux*, 31 Mont. 328, 342-43, 78 P. 583, 588 (1904); *Hynes v. Barnes*, 30 Mont. 25, 27, 75 P. 523, 523 (1904); *Swenson v. Kleinschmidt*, 10 Mont. 473, 477, 26 P. 198, 199 (1891); *Replevin*, *Black's Law Dictionary* (11th ed. 2019); *Claim and Delivery*, *Black's Law Dictionary* (11th ed. 2019). Formerly known as trover, the second was a conversion-based claim for

8

damages measured by the value of the property. *See Gebhardt*, 203 Mont. at 389, 661 P.2d at 858; *Sorenson*, 125 Mont. at 158, 232 P.2d at 338; *Heiser*, 117 Mont. at 115, 158 P.2d at 505; *Hardie*, 86 Mont. at 158-59, 282 P. at 498; *Kramlich*, 84 Mont. at 606-07, 277 P. at 412-13; *Interstate Nat'l Bank v. McCormick*, 67 Mont. 80, 86-87, 214 P. 949, 951 (1923); *Kinsman v. Stanhope*, 50 Mont. 41, 45-46, 144 P. 1083, 1084 (1914); *Tuttle*, 15 Mont. at 223, 38 P. at 1071-72; *Trover*, *Black's Law Dictionary* (11th ed. 2019). Various Montana statutes encompass and carry forward the essence of the tortious conversion-based common law claims of trover and replevin/claim and delivery. *See* §§ 27-17-401(1), 27-1-320, and 27-1-432, MCA; *1st Bank v. Winderl*, 2002 MT 339, ¶¶ 16-21, 313 Mont. 306, 60 P.3d 998; *Heiser*, 117 Mont. at 115, 158 P.2d at 505; *Kramlich*, 84 Mont. at 606-08, 277 P. at 412-13; *Klind v. Valley Cty. Bank of Hinsdale*, 69 Mont. 386, 389, 222 P. 439, 440 (1924); *Hennessy Co. v. Wagner*, 69 Mont. 46, 48, 220 P. 101, 102 (1923); *Barrett v. Shipley*, 63 Mont. 152, 159, 206 P. 430, 432 (1922); *Hickey v. Breen*, 40 Mont. 368, 372-73, 106 P. 881, 881 (1910).

¶12     Section 27-2-207, MCA, imposes a two-year period of limitations on civil claims predicated on an alleged tortious conversion of personal property. *Kingman v. Weightman*, 2017 MT 224, ¶ 10, 388 Mont. 481, 402 P.3d 1196; *State ex rel. Egeland v. Cut Bank City Council*, 245 Mont. 484, 491, 803 P.2d 609, 613-14 (1990); *Weible v. Ronan State Bank*, 238 Mont. 235, 238, 776 P.2d 837, 839 (1989). By application of the statutory rule for claims accrual to the essential elements of the claim, a conversion-based claim for possession of personal property against an alleged tortfeasor accrues when the claimant is

9

aware, or reasonably should be, of facts sufficient to establish that the alleged tortfeasor was exercising or exerting unauthorized dominion or control over the property in a manner inconsistent with the claimant's property rights. *See* § 27-2-102(1), MCA; *Lane*, 231 Mont. at 368, 753 P.2d at 323; *Interstate Mfg. Co.*, 146 Mont. at 452, 408 P.2d at 481; *Gebhardt*, 203 Mont. at 389-90, 661 P.2d at 858. But, where the alleged tortfeasor lawfully acquired possession of the property, the claim does not accrue until the alleged tortfeasor rejects a demand from the claimant for possession. *Interstate Mfg. Co.*, 146 Mont. at 452-53, 408 P.2d at 481 (citing *Hardie*, 86 Mont. at 161, 282 P. at 499); *accord Anderson v. Baker*, 196 Mont. 494, 504, 641 P.2d 1035, 1040 (1982) (citing *Interstate Mfg. Co.*). Here, the District Court concluded, based on the pertinent undisputed facts, that Drescher's May 29, 2018 letter stating his refusal to share the cabin property constituted a tortious conversion of Malee's ½ interest in common, thus triggering the running of the applicable two-year statute of limitations on that date.

¶13 However, because a cotenancy entitles each cotenant to exclusive possession and use of the entire property against all except for other cotenants, a cotenant's exclusive possession and use of the co-owned property is presumed *consistent with and subordinate to* the title of all other cotenants, and is thus prima facie evidence that such possession is based on that cotenant's own title consistent with the rights of all cotenants. *Le Vasseur*, 93 Mont. at 557-58, 20 P.2d at 252 (internal citation omitted); *accord Hodgkiss v. Northland Petroleum Consol.*, 104 Mont. 328, 350-51, 67 P.2d 811, 822 (1937). In order to rebut that presumption and prima facie evidence, and thereby give rise to accrual of a

conversion-based claim in favor of a cotenant not in possession against the cotenant in possession, there must be direct or circumstantial evidence that the alleged tortfeasor's exertion of dominion or control over the property was not only inconsistent with the other cotenant's rights, but that the tortfeasor was also claiming exclusive title and ownership of the property. *See Y A Bar Livestock Co.*, 269 Mont. at 244-47, 887 P.2d at 1214-15 (internal citations omitted); *Hodgkiss*, 104 Mont. at 351-52, 67 P.2d at 822; *Le Vasseur*, 93 Mont. at 558-59, 20 P.2d at 252; *Fitschen Bros. Com. Co. v. Noyes' Estate*, 76 Mont. 175, 197-98, 246 P. 773, 779 (1926) (internal citations omitted); *accord Hart v. Hale*, 2022 MT 82, ¶ 15, 408 Mont. 258, 508 P.3d 877 (citing *Y A Bar* and *Fitschen Bros.*, *supra*, *inter alia*).

¶14     Here, while both of Drescher's letters clearly communicated his refusal to share use of the cabin inconsistent with Malee's rights, and the November 2018 letter further denied Malee's request for a key to the new cabin locks inconsistent with his rights, the May 29, 2018 letter stated that Drescher was willing to negotiate a buy-out of Malee's interest. The November letter then consistently stated, as pertinent, that Drescher's earlier-stated position had not changed. In addition to those express and implicit acknowledgments of Malee's ½ interest, Drescher's original and amended complaints both expressly recognized that Malee was the record owner of a ½ interest in the property. Thus, the first indication on the Rule 56 factual record that Drescher was claiming sole ownership was his January 21, 2021 complaint for declaratory judgment. A conversion-based claim for possession against Drescher therefore did not fully accrue in favor of Malee until

11

January 21, 2021, and the applicable two-year statute of limitations therefore could not have effectively extinguished Malee's interest in common until after January 21, 2023. We hold that the District Court erroneously concluded that the applicable two-year statute of limitations barred Malee from asserting a conversion-based claim for possession of the subject cabin property after May 29, 2020, and thus further erroneously granted Drescher summary judgment that the running of the pertinent period of limitations effectively extinguished Malee's ½ interest in the cabin property and vested it in Drescher.

¶15    *2. Whether the District Court erroneously granted summary judgment to Drescher on Malee's constructive fraud counterclaim?*

¶16    Whether as the basis of an independent tort claim or equitable rescission of a contract, the essential elements of constructive fraud, as pertinent here, are: (1) the existence of a pertinent legal duty owed by the alleged tortfeasor to the claimant; (2) a breach of the subject duty without actual fraudulent intent; (3) which gave the tortfeasor a beneficial advantage over the claimant by misleading him or her; and (4) resulting in prejudice to the claimant.  *See* § 28-2-406(1), MCA; *Grizzly Sec. Armored Express, Inc. v. Bancard Servs., Inc.*, 2016 MT 287, ¶ 50, 385 Mont. 307, 384 P.3d 68 (internal citation omitted); *Morrow v. Bank of Am., N.A.*, 2014 MT 117, ¶ 62, 375 Mont. 38, 324 P.3d 1167; *H-D Irrigating, Inc. v. Kimble Props., Inc.*, 2000 MT 212, ¶ 25, 301 Mont. 34, 8 P.3d 95; *Mattingly v. First Bank of Lincoln*, 285 Mont. 209, 218, 947 P.2d 66, 71 (1997); *McJunkin v. Kaufman & Broad Home Sys., Inc.*, 229 Mont. 432, 439-40, 748 P.2d 910, 914-15 (1987)

12

(internal citations omitted).[7] While the existence of a legal duty is ultimately a question of law for court determination, *H-D Irrigating*, ¶ 25 (internal citation omitted), the claimant has the burden of proving all other factual elements of constructive fraud including, *inter alia*, any predicate facts required to establish the existence of the asserted legal duty. *See* §§ 26-1-401 and -402, MCA; *Kitchen Krafters, Inc. v. Eastside Bank of Montana*, 242 Mont. 155, 164, 789 P.2d 567, 572 (1990), *overruled on other grounds by Busta v. Columbus Hosp. Corp.*, 276 Mont. 342, 916 P.2d 122 (1996); *Fleming v. Fleming Farms, Inc.*, 221 Mont. 237, 243, 717 P.2d 1103, 1107 (1986).

¶17    Here, the Rule 56 factual record, which the parties stipulate is devoid of any genuine issue of fact material to the issues presented, does not manifest any factual basis sufficient to establish either the existence or breach of any pertinent express or implied contract duty, common law duty, or statutory duty owed by Drescher to Malee under the circumstances of this case. The Rule 56 factual record is similarly devoid of any factual basis sufficient to constitute prima facie proof of any of the other essential elements of constructive fraud. We thus hold that the District Court did not erroneously grant summary judgment to Drescher on Malee's constructive fraud counterclaim.

---

[7] *See also Batten v. Watts Cycle & Marine, Inc.*, 240 Mont. 113, 117, 783 P.2d 378, 381 (1989) (constructive fraud "does not require dishonesty of purpose or intent to deceive" like actual fraud—distinguishing constructive fraud from actual fraud); *Bottrell v. American Bank*, 237 Mont. 1, 19-22, 773 P.2d 694, 705-07 (1989) (distinguishing tort of constructive fraud from negligent misrepresentation); *Moschelle v. Hulse*, 190 Mont. 532, 537, 622 P.2d 155, 158 (1980) (elements of constructive fraud effectively "prevent a party from being unjustly enriched as a result of false statements made" to another "even if the deception [was] not knowingly made"—internal citations omitted).

13

## CONCLUSION

¶18    We hold that the District Court erroneously granted summary judgment to Drescher on his asserted declaratory judgment and quiet title claims, but did not erroneously grant summary judgment to Drescher on Malee's constructive fraud counterclaim. We therefore affirm the court's grant of summary judgment to Drescher on Malee's constructive fraud counterclaim, reverse its grant of summary judgment to Drescher on his asserted declaratory judgment and quiet title claims, and remand for further proceedings consistent with our holdings in this Opinion, including consideration and ruling on Malee's yet-unaddressed motion for leave to amend his answer to assert a claim for equitable partition of the subject cabin property pursuant to §§ 70-2-211 and -212, MCA.

/S/ MIKE McGRATH

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE